(Surrogate's Court, Chautauqua County.   December 26, 1894.)

1. GUARDIAN AND WARD—ISSUE OF LETTERS OF GUARDIANSHIP.
    Where an order has been duly entered appointing a guardian, the issuance of letters of guardianship is not a judicial act.

2. WILLS—CONSTRUCTION—SUPPORT OF INFANT LEGATEE.
    Testator gave his estate equally to his widow and two infant children, but provided that it should not be divided until the youngest child should become of age, that the wife and children should receive their support from the estate until the final settlement and division, and that the executors, for the purpose of providing the children with a liberal education, might use so much of their shares as should be necessary for that purpose, charging to each child the amount so used. *Held*, that money expended for clothes, services of physicians, and medicines supplied to one of the children while at college was chargeable against his distributive share, and not against the whole estate.

Judicial settlement of the accounts of the executors of the will of Leroy Atwood, deceased.

C. D. Murray, for Lydia D. Atwood, executrix and legatee, named in will as testamentary guardian of the person and estate of Helen G. Atwood, minor, and special guardian for said minor, and for Julian A. Clark, executor and guardian of William G. Atwood.

George Barker, for William G. Atwood, legatee.

SHERMAN, S.   The decedent died November 24, 1887.   He made his will, dated April 1, 1886, which was probated January 2, 1888. The decedent left, him surviving, Lydia D. Atwood, widow, William G. Atwood, son, and Helen G. Atwood, daughter, his only heirs and legatees, and appointed Lydia D. Atwood executrix, and Julian A. Clark, of Bloomington, Ill., executor.   The decedent, at his death, owned property of the value of over $14,000.   The testator, by such will, gave to his widow, son, and daughter, respectively, certain articles of personal property, such as household furniture, books, paintings, etc., particularly mentioned in the first, second, third, and fourth clauses of such will.   By the fifth clause of his will he directed the residue of his estate to be divided into three equal shares, giving one to his wife, Lydia D. Atwood, one to his infant son, William G. Atwood, and the other share to his infant daughter, Helen, with the provision that no division of that part of his estate should be made until his infant daughter, Helen, should arrive at the age of 21 years; and further provided by the same clause that his wife and children should receive their support and maintenance from his estate until the final settlement and division thereof; and the said fifth clause further provided as follows:

"My executors, for the purpose of providing both or either of my children with a liberal education, may appropriate such portion of the share of the said children, respectively, as may, in the judgment of my executors, be proper and necessary for such purpose, charging to such child, respectively, the amount so used for such purpose in the final settlement and division of my estate."

The said fifth clause also further provided that after his son, William, should arrive at the age of 23 years, and should desire to engage in business upon his own account, and require money for such purpose, if it should be deemed feasible and proper for him, the said executors should advance to him out of his share of the estate a sum not exceeding $2,000 for such purpose; and also that the portion of the estate bequeathed to his wife, Lydia, should be received by her in lieu of all dower and thirds and interest in his estate.   The will also authorized the executors to sell the real estate, and apply the proceeds thereof, or invest same in other real estate, as they might deem best for the interests of all concerned.   By his will he appointed his wife, Lydia D. Atwood, testamentary guardian of the person and estate of his daughter, Helen, and appointed his brother, Julian A. Clark, of Bloomington, Ill., to be the testamentary guardian of the person and property of his son, William G. Atwood, on April 1, 1886, of the age of about 16 years, and his daughter, then of the age of about 9 years.   The will further provided that his said executor and executrix should neither of them be required to give bonds for the performance in good faith of the trusts reposed

in either of them by his said will. Julian A. Clark was also appointed the guardian of the person and estate of said William G. Atwood by letters of guardianship issued by the surrogate of said county January 30, 1888, and made petition in due form for the judicial settlement of his account, filed December 20, 1893, as such guardian, and the said Lydia D. Atwood, on December 20, 1893, also presented a petition for the judicial settlement of her accounts as such executrix; upon both of which proceedings citations were duly issued and served upon all the said persons interested in said estate, both returnable before the surrogate on January 15, 1894, and both proceedings have since then been conducted and heard together. The only contested question in these proceedings related to the construction to be given by the surrogate to that part of the fifth clause of the said will above cited relating to the provision therein authorizing the executors to provide for a liberal education to both or either of the two minor children, and to appropriate such portion of the share of the said children, respectively, as might, in the judgment of his executors, be proper and necessary for such purpose, and charging to each child, respectively, the amount so used for such purpose in the final settlement and division of his estate.

It appeared in evidence, and was not disputed, that the executors, in September, 1888, sent the said William G. Atwood to school at Cornell University, where he remained in college during four school years, and graduated in June, 1892, and that they, or said Julian A. Clark, as guardian of said William, paid the necessary expenses of his board, traveling expenses, clothing, university fees, laundry, sundries, books and stationery, doctors' bills, and dentist and occulist charges; in all amounting to $1,868.33. Of the above sum of $1,-868.33, $483.33 were paid for clothing during the said four years, and $59.40 for the services of doctors, occulist, and dentist, and for medicine for said William G. Atwood, he being under age; amounting to $542.73. No objection was made on the hearing to such expenditures, but it was strenuously claimed by the learned counsel for the said William G. Atwood that the said $542.73 should not be charged to him in such accounting, and be taken out of his share of said estate on the final settlement, but that the same should have been paid by the executors out of the whole estate of the decedent, each of the three legatees paying an equal share thereof. It appeared that no petition was made to the surrogate for the appointment of a testamentary guardian of William G. Atwood, minor, but an order was duly made and filed January 30, 1888, appointing said Clark the testamentary guardian of the person and estate of said minor, on which order and decree letters of guardianship were issued to said Clark, reciting that the said Clark had been legally nominated and chosen testamentary general guardian of said William, having taken the oath of office, required by law, and stating as follows:

"Now, therefore, we do allow and appoint you, the said Julian A. Clark, to be the general guardian of the said William G. Atwood, with such authority over his person and property, real and personal, as by law unto a general guardian appointed by the surrogate doth in any wise appertain, until he shall arrive at the age of 21 years, or until you shall be superseded according to law."

Such letters were headed as follows: "Testamentary Letters of Guardianship—Minors over Fourteen," and were indorsed on the outside of said letters, above the filing thereof: "Testamentary Letters of Guardianship. Julian A. Clark, Guardian. Issued Jan. 30, 1888. D. Sherman, Surrogate,"—and the same were duly filed and recorded of that date.

The issuing of letters testamentary or of letters of guardianship or of administration or letters of testamentary guardianship is not necessarily a judicial act. Any clerk of the surrogate's court can do it, when founded upon a proper order, signed and sealed by the surrogate; such as was done in this case. The order appoints the guardian, administrator, executor, or testamentary guardian, and not the letters. Redf. Sur. (5th Ed.) pp. 32, 258. See approved form for testamentary letters of guardianship, Id. pp. 1038, 1039; Code Civ. Proc. § 2509, subd. 2. The learned counsel for Julian A. Clark, executor and guardian of William G. Atwood, and for Lydia D. Atwood, widow and executrix, and as special guardian for said Helen G. Atwood, claimed that such sum of $542.73 should, under the fifth clause of said will, be charged to and taken out of the distributive share of said William on final settlement, the same as the other charges for his education, amounting to $1,325.60. It appeared that the above sum of $1,868.33 was paid by the executors to Julian A. Clark, after he received letters of guardianship as above stated, for the express purpose of his paying same for the education of said William G. Atwood; that said Clark sent same to him, from his residence in Illinois, from time to time, in drafts, as he needed it; the said William using such funds in procuring a liberal education at the Cornell University, and keeping an itemized statement of such expenditures, filed with the surrogate, to which statement no objections were taken. I hold it immaterial whether such funds were paid by Clark as general guardian or as testamentary guardian or as executor of the will, so long as he was authorized by the will to pay same, and complied with the clear intentions of the testator, as expressed in the fifth clause thereof, in making such payments. I direct decree that in the settlement of this estate the said sum of $542.73 be charged to the distributive share of the said William G. Atwood, and taken from it, without commissions thereon to said Clark,—he consenting thereto,—and that the costs in these proceedings and on this accounting be paid out of the estate of the decedent to the respective parties, and that the said Clark be discharged as such guardian of said William G. Atwood, who is of full age.